Curia, per
Nott, J.
The first question to be determined in this case is the nature of the estate which the complainants have in the land in question. They purchased of the husbands of two of the female devisees. The husbands had only a life estate in the inheritance of their wives ; and therefore could convey no more to the complainants. The act of 1795 has prescribed a method by which married women may renounce their dower, as also their right of inheritance. In this case, the form prescribed for the renunciation of dower has been pursued. It is now contended, that the words used in the conveyance are broad enough to transfer the inheritance. Admitting that they will bear that construction, yet, as they are the very words which the act has directed to be employed in a renunciation of dower, we cannot by construction extend their meaning beyond the object required by the tenor of the act. And such construction seems necessarily to follow from the subsequent clause of the act which gives the words necessary for the renunciation of the inheritance. There are also *418 other provisions superadded in the act, in order to*give effect to such a conveyance. These provisions are intended as a protection to the rights of married women. The legislature has placed these guards around them in order to prevent their rights from being invaded. And this court would fall very far short of fulfiling the intentions of the legislature, were they to break down those barriers which have thus been erected for their defence. It is not necessary, however, to dwell upon this part of the case, as the question has already been fully considered and decided in the case of Brown and Spann, 2 Const. Rep. Treadw. 12. It is said that the form of renunciation adopted in this case was used by mistake, and that it was intended to convey the inheritance. I do not know how that fact may be, nor is it important to the discussion of the case. We cannot give to the deed a more extended operation than the natural and legal import of the words will authorize. It may be, that the mistake was in supposing that they had only a right of dower in the land. They may have been willing to have renounced such a right, and not the right of inheritance. If there has been any mistake it may, perhaps, be corrected, but it cannot be done in this collateral way. It must be by a direct application to the court for that purpose, in which the parlies to the mistake may be parties to the suit also. The complainants, therefore, have nothing more than the qualified interest which the husbands had in the estate of their wives, and that is a mere contingent interest; for the husbands may die before the life estate is terminated, in which case it will never vest.
The next question then is, whether the complainants have such an interest as will entitle them to a suit for waste ? And on that subject I think the law is very clear. Judge Blackstone says, “ he who has the remainder for life only is not entitled to sue for waste, since his interest may never come into possession and *then he has suffered no injury.” 3 Black. Com. 225. See also Co. Lit. 218, 6. And the reason is very obvious. The injury done by waste is an injury to him who is entitled to the inheritance, and to no one else. And although an intermediate tenant for life may have an injunction, it can only be to prevent those acts which are immediately injurious to his estate, yet he cannot recover for the waste, because that inures only to him who is entitled to the inheritance. Berwick v. Whitfield, 3 P. Wms. 267.
The complainants may possibly become intermediate tenants for life upon the death of the first tenant, still it is but a contingent interest which they possess, because it may be determined before the termination of the first life estate. They have not, therefore, such an estate as will enable them to sustain this bill. The decree must be reversed and the bill dismissed with costs.

Bill dismissed.